**RECORD NO. 12-3086**

ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED

In The

# United States Court of Appeals

## For The District of Columbia Circuit

# UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

**v.**

# BRIAN D. MARSH,

*Defendant – Appellant*.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____

## BRIEF OF APPELLANT

_____

**Mary E. Davis**
**DAVIS & DAVIS**
**1350 Connecticut Avenue, NW, Suite 202**
**Washington, DC  20036**
**(202) 234-7300**

*Counsel for Appellant*

## <u>CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES</u>

**(A) Parties and Amici.**

The parties appearing in the lower court and this appeal are Defendant-Appellant Brian D. Marsh, and Plaintiff-Appellee United States of America. Undersigned counsel is unaware of any amici curiae.

**(B) Rulings Under Review.**

Appellant appeals the sentence imposed for violation of supervised release in case number 03-cr-0423. The judgment was entered on September 26, 2012.

**(C) Related Cases.**

There are no related cases.

## TABLE OF CONTENTS

**Page**

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES ..........i

TABLE OF CONTENTS...........................................ii

TABLE OF AUTHORITIES........................................iv

JURISDICTIONAL STATEMENT.....................................1

STATEMENT OF THE ISSUES......................................2

STATUTES AND REGULATIONS.....................................2

STATEMENT OF THE CASE........................................6

STATEMENT OF FACTS...........................................7

SUMMARY OF THE ARGUMENT......................................8

ARGUMENT.....................................................9

    I.    THE DISTRICT COURT LACKED JURISDICTION TO REVOKE MR. MARSH'S SUPERVISED RELEASE BECAUSE NO ARREST WARRANT WAS ISSUED PRIOR TO THE EXPIRATION OF THE PERIOD OF SUPERVISION AND THE REVOCATION HEARING TOOK PLACE OVER FOUR MONTHS AFTER THE EXPIRATION DATE...................................................9

    Standard of Review....................................9

    The District Court Lacked Jurisdiction to Revoke Supervised Release...................................9

        A.    Pre-trial Detention Did Not Toll Supervised Release.........................10

        B.    Judgment of Conviction in 11-0253 Was Entered After Revocation Hearing So Term of Supervision Not Tolled............13

II.   THE SENTENCE IMPOSED BY THE DISTRICT COURT MUST
      BE VACATED BECAUSE THE COURT COMMITTED PROCEDURAL
      ERROR...............................................14

      Standard of Review..................................14

      The District Court Committed Procedural Error........15

            A.    Policy of Imposing Maximum Sentence and
                  Disregarding Consideration of § 3553(a)
                  Factors Requires that the Sentence be
                  Vacated...................................15

                  i.    Court Was Required to Consider
                        § 3553(a) Factors...................15

                  ii.   Court Failed to Provide
                        Significant Justification for the
                        Departure...........................17

                  iii.  The Court Provided No Written
                        Reasons for the Departure............19

III.  FAILURE TO FILE A TIMELY NOTICE OF APPEAL
      CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL.......21

      Standard of Review..................................21

            A.    Counsel Failed to File a Timely Notice
                  of Appeal.................................21

CONCLUSION..................................................24

REQUEST FOR ORAL ARGUMENT...................................24

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Barger v. United States*,
204 F.3d 1180 (8th Cir. 2000) ..............................24

*Castellanos v. United States*,
26 F.3d 717 (7th Cir. 1994) ...............................23

*Gall v. United States*,
552 U.S. 38 (2007)....................................16, 17

*Garcia v. United States*,
278 F.3d 134 (2d Cir. 2002)................................23

*Hodge v. United States*,
554 F.3d 372 (3d Cir. 2009)................................23

*\*In re Sealed Case*,
527 F.3d 188 (D.C. Cir. 2008)................14, 15, 16, 20

*Martin v. United States*,
81 F.3d 1083 (11th Cir. 1996) ............................23

*\*Moore v. Johnson*,
194 F.3d 586 (5th Cir. 1999) .............................21

*Roe v. Flores-Ortega*,
528 U.S. 470 (2000)........................................23

*Strickland v. Washington*,
466 U.S. 668 (1984)....................................21, 22

*United States v. Barton*,
26 F.3d 490 (4th Cir. 1994) ...............................9

*United States v. Bavaria*,
116 F.3d 1498 (D.C. Cir. 1997)............................21

*United States v. Cronic*,
466 U.S. 648 (1984)........................................23

*\* Authorities which Appellant chiefly
rely upon are marked with asterisks.*

iv

*United States v. Espinosa-Talamantes*,
    319 F.3d 1245 (10th Cir. 2003) ............................23

*United States v. Fennell*,
    53 F.3d 1296 (D.C. Cir. 1995)............................22

*United States v. Goins*,
    516 F.3d 416 (6th Cir. 2008) ............................11

*United States v. Hammons*,
    558 F.3d 1100 (9th Cir. 2009) ...........................16

*United States v. Ide*,
    624 F.3d 666 (4th Cir. 2010) ............................11

*United States v. Jackson*,
    426 F.3d 301 (5th Cir. 2009) .........................11, 12

*United States v. Janvier*,
    599 F.3d 264 (2d Cir. 2010)...............................9

*United States v. Johnson*,
    581 F.3d 1310 (11th Cir. 2009) ..........................11

*United States v. Morales-Alejo*,
    193 F.3d 1102 (9th Cir. 1999) .................9, 12, 13, 14

*United States v. Naranjo*,
    259 F.3d 379 (5th Cir. 2001) .............................9

*United States v. Peak*,
    992 F.2d 39 (1993).......................................23

*United States v. Rashad*,
    331 F.3d 908 (D.C. Cir. 2003)............................22

*United States v. Saro*,
    24 F.3d 283 (D.C. Cir. 1994)............................15

*United States v. Schimmel*,
    950 F.2d 432 (7th Cir. 1991) .............................9

*United States v. Strada*,
    503 F.2d 1081 (8th Cir. 1974) ............................9

*United States v. Vargas*,
    564 F.3d 618 (2d Cir. 2009), *cert. denied*,
    130 S. Ct. 308 (2009).....................................16

**CONSTITUTIONAL PROVISION**

U.S. Const. amend. VI.......................................21

**STATUTES**

18 U.S.C. § 3553............................................2

18 U.S.C. § 3553(a).................................15, 16, 17

18 U.S.C. § 3553(a)(2)(A)..................................17

18 U.S.C. § 3553(c)........................................20

18 U.S.C. § 3553(c)(2).................................15, 19

18 U.S.C. § 3583(i)......................................4, 10

18 U.S.C. § 3624...........................................12

18 U.S.C. § 3624(e)..........................................4

18 U.S.C. § 3742.............................................1

21 U.S.C. § 841(a)(1)........................................6

21 U.S.C. § 841(b)(1)(B)(iv).................................6

21 U.S.C. § 846..............................................6

28 U.S.C. § 1291............................................1

28 U.S.C. § 994............................................20

28 U.S.C. § 994(w)(1)(B)....................................19

**RULES**

Fed. R. App. P. 4(b)....................................5, 21

Fed. R. App. P. 4(b)(4)....................................22

Fed. R. Crim. P. 32........................................14

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 12-3086
_____


UNITED STATES OF AMERICA,

Appellee,

v.

BRIAN D. MARSH,

Appellant.

_____

BRIEF FOR THE APPELLANT
_____


JURISDICTIONAL STATEMENT

The district court had no jurisdiction to revoke Mr.
Marsh's supervised release.  The court entered a final judgment
against Mr. Marsh on September 26, 2012.  [JA 37-38][1] Appellant
filed a notice of appeal on October 18, 2012.  [JA 39]  This
Court has jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C.
§ 1291.

_____

[1] "JA" refers to the Joint Appendix. "SJA" refers to the Sealed
Supplement to the Joint Appendix.

## <u>STATEMENT OF THE ISSUES</u>

I.    Whether the District Court lacked jurisdiction to revoke
      Mr. Marsh's supervised release because no arrest warrant
      was issued prior to the expiration of the period of
      supervision and the revocation hearing took place over four
      months after the expiration date.

II.   Whether the sentence imposed by the district court must be
      vacated because the court committed procedural error.

III.  Whether the failure to file a timely Notice of Appeal
      constitutes ineffective assistance of counsel.

## <u>STATUTES AND REGULATIONS</u>

**18 U.S.C. § 3553**

> **(a) Factors to be considered in imposing a sentence.**--
> The court shall impose a sentence sufficient, but not
> greater than necessary, to comply with the purposes
> set forth in paragraph (2) of this subsection. The
> court, in determining the particular sentence to be
> imposed, shall consider--
>
> **(1)** the nature and circumstances of the offense and
> the history and characteristics of the defendant;
>
> **(2)** the need for the sentence imposed--
>
> **(A)** to reflect the seriousness of the offense, to
> promote respect for the law, and to provide just
> punishment for the offense;
>
> **(B)** to afford adequate deterrence to criminal conduct;
>
> **(C)** to protect the public from further crimes of the
> defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** the kinds of sentences available;

**(4)** the kinds of sentence and the sentencing range established for--
**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

**(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

**(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

**(5)** any pertinent policy statement--

**(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.[1]

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(7)** the need to provide restitution to any victims of the offense.

\* \* \* \* \* \* \*

**(c) Statement of reasons for imposing a sentence.**--The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence--
**(1)** is of the kind, and within the range, described in subsection (a)(4) and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range; or

**(2)** is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in a statement of reasons form issued under section 994(w)(1)(B) of title 28, except to the extent that the court relies upon statements received in camera in accordance with Federal Rule of Criminal Procedure 32. In the event that the court relies upon statements received in camera in accordance with Federal Rule of Criminal Procedure 32 the court shall state that such statements were so received and that it relied upon the content of such statements.

**18 U.S.C.A. § 3583(i) Delayed revocation.**--The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

**18 U.S.C.A. § 3624(e) Supervision after release.**--A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the

Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days. Upon the release of a prisoner by the Bureau of Prisons to supervised release, the Bureau of Prisons shall notify such prisoner, verbally and in writing, of the requirement that the prisoner adhere to an installment schedule, not to exceed 2 years except in special circumstances, to pay for any fine imposed for the offense committed by such prisoner, and of the consequences of failure to pay such fines under sections 3611 through 3614 of this title.

**Fed. R. App. P. 4(b) Appeal in a Criminal Case.**

**(1) Time for Filing a Notice of Appeal.**
**(A)** In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of:
**(i)** the entry of either the judgment or the order being appealed; or
**(ii)** the filing of the government's notice of appeal.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**(4) Motion for Extension of Time.** Upon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

## STATEMENT OF THE CASE

Mr. Marsh was arrested on August 29, 2003 and charged with various narcotics offenses.  On April 29, 2004, Mr. Marsh pled guilty to one count of Unlawful Possession with Intent to Distribute 100 Grams or More of Phencyclidine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iv).  On August 10, 2004, he was sentenced to 63 months incarceration, followed by four years supervised release. [JA 2, 4, 8]  Mr. Marsh's supervision began on May 9, 2008 and expired on May 8, 2012. [SJA 51]

On August 11, 2011, Mr. Marsh was indicted in a 17-count indictment in the United States District Court for the District of Columbia in case number 11-cr-0253.  He entered a plea of guilty to one count of Conspiracy to Distribute and Possess with Intent to distribute Five Kilograms of More of Cocaine and 280 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 846. On September 20, 2012, Mr. Marsh was sentenced to 150 months incarceration, followed by five years supervised release.

In the meantime in case number 03-0423, a U.S. Probation Office Petition (Petition for Warrant) was filed on August 30, 2011 based on the arrest in 11-cr-0253.  [SJA 51]  An arrest warrant was never issued.  [SJA 40-50]

A hearing on the violation was held on September 21, 2012. [JA 11-35]  The district court revoked supervised release and

sentenced Mr. Marsh to 36 months incarceration, consecutive to the sentence in 11-cr-0253. The Judgment was filed on September 26, 2012. [JA 37-38] The Notice of Appeal was filed on October 18, 2012. [JA 39]

## STATEMENT OF FACTS

At the September 21, 2012 hearing on the violation of supervised release, the parties did not dispute that there was a violation. The parties also agreed that the sentencing guideline range was 12 to 18 months and that the statutory maximum term of imprisonment was 36 months. [JA 21] The government did not ask that Mr. Marsh be sentenced to a term greater than that called for by the sentencing guidelines. [JA 22]

Defense counsel acknowledged that supervision began in May of 2008. Counsel requested that Marsh be sentenced within the guidelines and that the sentence run concurrent with the sentence in 11-cr-0253. [JA 24-25]

The district judge stated, "And I warned you, as I warn every defendant ... And I told him that if you come back to this Court, you know, during your supervision for committing a crime, you will only have to ask your lawyer one question: What's the most he can give me? Because that's what I am going to get." [JA 32] The court continued, "And this Court's practice for ten years has been the same. ... Separate crime, separate time.

7

Consecutive.  Consecutive.  Never concurrent, absent
extraordinary circumstances which this case does not have in
your favor.  What you did was so deceiving and cunning ... 12 to
18 months, that's the guideline range.  You want 18 months?
Well, if the statute permits 36, I can see no reason not to
depart upward to the top of the statute.  None. Because you
didn't learn your lesson.  And what you told this Court back
when you were 29, you didn't really mean it."  [JA 33]

**SUMMARY OF THE ARGUMENT**

Mr. Marsh first argues that the district court did not have
jurisdiction to revoke his supervised release.  The term of
supervision expired over four months before the revocation
hearing and no arrest warrant was ever issued.  Although Mr.
Marsh was in pretrial detention prior to the revocation hearing
on a new charge, this time should not toll the term of
supervision.  There is currently a split in the circuits as to
whether pretrial detention resulting in a conviction tolls the
term of supervision.  This Circuit has not addressed this issue.
Finally, since the judgment of conviction in the new case was
not entered until after the revocation in this case, the
arguments concerning tolling are moot.

Mr. Marsh next argues that the district court committed
procedural error when it sentenced him to the statutory maximum
term of imprisonment because it was the court's policy to do so.

The sentencing court failed to state the reasons for the

departure either in open court or in the Judgment.

Finally, Mr. Marsh argues that counsel below was

ineffective because he failed to file a timely notice of appeal.

**ARGUMENT**

I.    **THE DISTRICT COURT LACKED JURISDICTION TO REVOKE MR. MARSH'S SUPERVISED RELEASE BECAUSE NO ARREST WARRANT WAS ISSUED PRIOR TO THE EXPIRATION OF THE PERIOD OF SUPERVISION AND THE REVOCATION HEARING TOOK PLACE OVER FOUR MONTHS AFTER THE EXPIRATION DATE.**

**Standard of Review**

Whether the district court has jurisdiction to revoke a

term of supervised release is reviewed *de novo*.  *United States*

*v. Naranjo*, 259 F.3d 379, 381 (5th Cir. 2001); *United States v.*

*Morales-Alejo*, 193 F.3d 1102, 1104 (9th Cir. 1999).

**The District Court Lacked Jurisdiction to Revoke Supervised Release**

Prior to 1994, courts held that the filing of a petition

for revocation with the court or notice to the defendant that

the government would seek to revoke the term of release would

automatically trigger an extension of jurisdiction.  *United*

*States v. Janvier*, 599 F.3d 264, 266 (2d Cir. 2010); *United*

*States v. Barton*, 26 F.3d 490 (4th Cir. 1994); *United States v.*

*Schimmel*, 950 F.2d 432, 436 (7th Cir. 1991); *United States v.*

*Strada*, 503 F.2d 1081, 1083 (8th Cir. 1974).

In 1994, Congress enacted 18 U.S.C. § 3583(i) which states precisely the conditions required for the district court to retain jurisdiction after the applicable expiration of the term of supervision:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, *extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.*

Thus, the very plain language of the statute requires the court to issue a warrant or summons before the expiration of the term. In this case, supervision expired on May 8, 2012. Although the Probation Office requested that a warrant be issued on August 30, 2011, no warrant issued. Since the revocation hearing was held on September 21, 2012 and the judgment was filed on September 26, 2012, the district court lacked jurisdiction and the 36-month sentence imposed for the violation must be vacated.

### A.   Pre-trial Detention Did Not Toll Supervised Release

There is a split in the circuits as to whether pretrial detention, which results in a conviction, tolls the term of supervised release. This Circuit has not yet addressed this

issue. The Fourth, Fifth, Sixth, and Eleventh Circuits have held that such pretrial detention tolls the period. *United States v. Ide*, 624 F.3d 666 (4th Cir. 2010); *United States v. Johnson*, 581 F.3d 1310 (11th Cir. 2009); *United States v. Jackson*, 426 F.3d 301 (5th Cir. 2009); *United States v. Goins*, 516 F.3d 416 (6th Cir. 2008). The Ninth Circuit has held that pretrial detention does not toll the term of supervised release, even when there is a resulting conviction. Mr. Marsh submits that the Ninth Circuit's position is premised on a more logical reading of the applicable statutes and should be followed by this Circuit.

Generally, two reasons are given in support of the decision that pre-trial detention resulting in a conviction tolls the term of supervised release. First, some courts have held that the terms "imprisoned *in connection with* a conviction" necessarily includes pretrial detention because otherwise "in connection with" becomes "entirely superfluous." *United States v. Ide*, 624 F.3d at 669; *United States v. Goins*, 516 F.3d at 421.

Mr. Marsh submits that the statutory language is not entirely clear. However, it is his position that the phrase "in connection with" is speaking of imprisonment following a conviction for an offense that takes place in the United States, as opposed to a foreign conviction. If Congress had intended pretrial detention to toll the term of supervised release, the

11

statute would have included a phrase similar to, "including the period spent in pretrial detention."

Moreover, as the *Morales-Alejo* court expressed, "Congress uses the terms 'imprisonment' and 'detention' differently in federal criminal statutes.  The term 'imprisonment' consistently is used to refer to a penalty or sentence.  ... In contrast the term 'detention' is used to describe a mechanism to insure a defendant's appearance and the safety of the community." *United States v. Morales-Alejo*, 193 F.3d at 1105.  Clearly, nothing in the statute indicates that Congress intended pretrial detention to toll the term of supervised release.

The second reason courts give for counting pretrial detention is based on the policy argument that "[s]hortening the period of supervised release reduces the amount of time a former prisoner is monitored by the system and undermines the rehabilitative goals Congress pursued in enacting § 3624." *United States v. Jackson*, 426 F.3d at 305.  This argument should be readily dismissed.

Using this reasoning, a defendant on supervised release who receives a 31 day sentence following a conviction, with 30 days served in pretrial detention and one day additional day served to complete the sentence, would be subject to tolling because he was not monitored by "the system."  But another defendant on supervised release, who serves two years in pretrial detention

12

but is not convicted of any crime, does not face the tolling issue.  But everyone would have to agree that the defendant who served two years of pretrial detention was far less monitored than the defendant who was served a total of 31 days. Certainly, this cannot be what Congress intended. Therefore, this policy argument carries little, if any, weight.

The other problem with counting pretrial detention as imprisonment when there is a conviction is that tolling is dependent on when the revocation hearing takes place.  If the hearing was held before the sentencing, there is would be no tolling because the judgment of conviction had not yet been entered.  *United States v. Morales-Alejo*, 193 F.3d at 1105. But, if the hearing was held after entry of the judgment of conviction, tolling would apply.

For these reasons, Mr. Marsh submits that pretrial detention served prior to conviction should not toll the term of supervised release.

> B.   Judgment of Conviction in 11-0253 Was Entered
>      After Revocation Hearing So Term of Supervision
>      Not Tolled

The Judgment of Conviction in case number 11-0253 was entered on October 10, 2012.  This was nearly three weeks after the revocation hearing and nearly two weeks after the entry of judgment in the instant case.

13

Mr. Marsh submits that his conviction was not final until
the judgment was entered. *See* Rule 32 of the Federal Rules of
Criminal Procedure ("In the judgment of conviction, the court
must set forth the plea, the jury verdict or the court's
findings, the adjudication, and the sentence. ... The judge must
sign the judgment, and the clerk must enter it."); *United States
v. Morales-Alejo*, 193 F.3d at 1105 ("A judge attempting to
determine jurisdiction based on tolling due to pretrial
detention would be unable to make the required determination in
any case in which a judgment of conviction has not yet been
entered.")

Thus, because the revocation occurred prior to the
conviction in the new case and after the date supervision
expired with no arrest warrant being issued, the sentence must
be vacated.

## II. THE SENTENCE IMPOSED BY THE DISTRICT COURT MUST BE VACATED BECAUSE THE COURT COMMITTED PROCEDURAL ERROR.

### Standard of Review

When there has been no objection to a district court's
procedural error at sentencing, the sentence is reviewed for
plain error. *In re Sealed Case*, 527 F.3d 188, 191-92 (D.C. Cir.
2008). This court has acknowledged that "[i]n the special
context of sentencing errors ... the required showing of
'prejudice' should be slightly less exacting than it is in the

14

context of trial errors." *United States v. Saro*, 24 F.3d 283, 287 (D.C. Cir. 1994).  Thus, this Court has concluded that when the district court fails to provide an adequate justification for the sentence imposed, the plain error standard has been satisfied. *In re Sealed Case*, 527 F.3d at 193.

**The District Court Committed Procedural Error**

The district judge advised Marsh that every defendant who is sentenced by him and commits a crime while on supervised release will get the maximum term of imprisonment allowed and the sentence will run concurrent to any other sentence. [JA 32-33] The court failed to consider the applicable guideline range and failed to state any reasons on the record for sentencing Mr. Marsh to twice the maximum set by the Guidelines. The court also failed to include any written reasons for the sentence in the Judgment. [JA 37-38] Because the district court failed to satisfy the requirements of 18 U.S.C. §§ 3553(a) and (c)(2), the sentence must be vacated and the case remanded back to the district court.

    A.   Policy of Imposing Maximum Sentence and Disregarding Consideration of § 3553(a) Factors Requires that the Sentence be Vacated

        i.   Court Was Required to Consider § 3553(a) Factors

As the Supreme Court has explained, a court must follow certain procedures when determining an appropriate sentence:

As we explained in *Rita*, a district court should begin
all sentencing proceedings by correctly calculating
the applicable Guidelines range. As a matter of
administration and to secure nationwide consistency,
the Guidelines should be the starting point and the
initial benchmark. The Guidelines are not the only
consideration, however. Accordingly, after giving both
parties an opportunity to argue for whatever sentence
they deem appropriate, the district judge should then
consider all of the § 3553(a) factors to determine
whether they support the sentence requested by a
party. In so doing, he may not presume that the
Guidelines range is reasonable. He must make an
individualized assessment based on the facts
presented. If he decides that an outside-Guidelines
sentence is warranted, he must consider the extent of
the deviation and ensure that the justification is
sufficiently compelling to support the degree of the
variance. We find it uncontroversial that a major
departure should be supported by a more significant
justification than a minor one. After settling on the
appropriate sentence, he must adequately explain the
chosen sentence to allow for meaningful appellate
review and to promote the perception of fair
sentencing.

*Gall v. United States*, 552 U.S. 38, 49–50, (2007)(internal

citations omitted). *See also United States v. Hammons*, 558 F.3d

1100 (9th Cir. 2009) (district court's failure to provide reasons

for revocation of sentence and failure to calculate appropriate

guidelines range constituted plain error); *In re Sealed Case*,

527 F.3d 188 (D.C. Cir. 2008) (imposition of sentence that was

twice the guideline range without explanation was plain error);

*United States v. Vargas*, 564 F.3d 618 (2d Cir. 2009), *cert.*

*denied*, 130 S. Ct. 308 (2009) (sentence vacated where district

court erred by not considering § 3553(a) factors in extending

and modifying the term of supervised release).

The record fails to disclose any indication whatsoever that the district court considered any § 3553(a) factor other than the seriousness of the offense. *See* 18 U.S.C. § 3553(a)(2)(A) (sentencing court shall consider the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."). But, as addressed below, the consideration of this single factor fell short of what is required and fails to provide adequate justification for the sentence. Clearly, the sentencing court imposed the maximum sentence because it was the court's policy to do so and for no other reason.

ii.  Court Failed to Provide Significant
Justification for the Departure

The court acknowledged that the correct guideline range was 12 to 18 months. Rather than sentence within this range, as both the prosecution and the defense urged the court to do, the court sentenced Mr. Marsh to a 36 month term of imprisonment; exactly twice the Guideline maximum. Because the sentence was a major departure, this Court must find that the district court provided a "significant justification" for the departure, in order to uphold the sentence. *Gall*, 552 U.S. at 50.

The district court did state that Mr. Marsh's conduct was "so deceiving and cunning, to be under this Court's supervision and having as a cover that you are working as a monitor for

17

Youth Advocacy programs, to engage in a conspiracy to sell drugs on a large-scale basis, sufficiently large that it carries a ten-year mandatory minimum, to do that and to have a weapon after being sentenced in this court for drug violations eight years earlier?  If there ever was a case, since I have been here, where an upward departure was not only warranted but necessary to deal with the seriousness of the offense, to deal with – to give a punishment that's appropriate, to protect the public, this is the case.  This is the case." [JA 33]

But this is wholly insufficient to justify the departure. First, committing any crime while on supervised release can be considered deceptive and cunning.  Second, the type of crime committed was not a compelling reason to upwardly depart since the type of crime committed by Mr. Marsh is the type of crime most drug offenders, who are revoked, commit. "AOUSC-OPPS[2] data indicate that, in 2008, federal courts revoked the supervised release terms of 33 percent of federal offenders being actively supervised (i.e., 11,797 out of the 35,724 actively supervised offenders) as a result of commission of new offenses or other violations of the conditions of supervised release." United States Sentencing Commission (July 2010), "Federal Offenders Sentenced to Supervised Release", 63.  While drug offenders do

---

[2] Administrative Office of the U.S. Courts – Office of Probation and Pretrial services.

not constitute the highest category of those revoked, "those [drug offenders] with revocations commit more serious violations than other types of offenders on supervision. *Id.* at 68. Serious violations are defined as felony drug-trafficking or illegally possessing a firearm. *Id.* at 67. In essence, the district court failed to link the "seriousness of the crime" factor to Marsh's particular offense, failing to explain why his offense was significantly different from that of other defendants convicted of a serious drug offenses. Therefore, because the court's rationale for the sentence imposed failed to adequately justify the sentence, the sentence must be vacated.

### iii. The Court Provided No Written Reasons for the Departure

Not only did the district court not consider § 3553(a) factors and failed to state sufficient reasons on the record for the departure, but it also failed to provide written reasons for the departure.

Title 18 U.S.C. § 3553(c)(2) requires that the district court state in open court the reasons for the imposition of a particular sentence, and when there is a departure from the Guideline range, the court must also state "with specificity in a statement of reasons form issued under 994(w)(1)(B) of title

19

28 ...[3]" In this case, there was no statement of reasons form filed.  [JA 37-38; SJA 49]

   This Court has held, "[T]he writing requirement is not a mere formality.  The requirements that a sentencing judge provide a specific reason for a departure and that he commit that reason to writing work together to ensure a sentence is well-considered. *In re Sealed Case*, 527 F.3d at 192.  In this case, Mr. Marsh, who has a Category I Criminal History, was sentenced in the range applicable to one with a Category V Criminal History.  Given that this clearly qualifies as a "major departure," the district court was required to provide significant reasons both on the record and in writing.  Therefore, because the "failure to provide a statement of reasons as required by § 3553(c) is plain error," *id*. at 193, the sentence must be vacated.

_____

[3] "**(w)(1)** The Chief Judge of each district court shall ensure that, within 30 days following entry of judgment in every criminal case, the sentencing court submits to the Commission, in a format approved and required by the Commission, a written report of the sentence, the offense for which it is imposed, the age, race, sex of the offender, and information regarding factors made relevant by the guidelines. The report shall also include--
**\*\*\***
**(B)** the written statement of reasons for the sentence imposed (which shall include the reason for any departure from the otherwise applicable guideline range and which shall be stated on the written statement of reasons form issued by the Judicial Conference and approved by the United States Sentencing Commission);
28 U.S.C.A. § 994

**III. FAILURE TO FILE A TIMELY NOTICE OF APPEAL CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL.**

**Standard of Review**

Pursuant to *Strickland v. Washington*, 466 U.S. 668, 689 (1984), appellate review of the effectiveness of counsel's performance must be "highly deferential. *Strickland* does not require deference however, "when there is no conceivable strategic purpose that would explain counsel's conduct." *Moore v. Johnson*, 194 F.3d 586, 617 (5th Cir. 1999).

   A.   Counsel Failed to File a Timely Notice of Appeal

In the court below, the sentencing judge filed the Judgment on September 26, 2012.  [JA 37] The notice of appeal, however, was not filed until October 18, 2012.  Rule 4(b) of the Federal Rules of Appellate Procedure requires that the notice of appeal in a criminal case be filed within 14 days of the entry of the judgment.  Therefore, the notice of appeal should have been filed by October 10, 2012.

In order to succeed on a claim of ineffective assistance of counsel, a defendant generally needs to show (1) that the lawyer made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment, and (2) that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Bavaria*, 116 F.3d 1498, 1512 (D.C. Cir. 1997),

21

*quoting Strickland v. Washington*, 466 U.S. 668, 687 (1984).
Generally, ineffective assistance of counsel claims are not
resolved on direct appeal because the relevant facts needed to
address the issue are not part of the district court record.
Therefore, this Court has held that "the general practice is to
remand the claim for an evidentiary hearing unless 'the trial
record alone conclusively shows' that the defendant either is or
is not entitled to relief." *United States v. Rashad*, 331 F.3d
908, 909-10 (D.C. Cir. 2003), *quoting United States v. Fennell*,
53 F.3d 1296, 1303-04 (D.C. Cir. 1995).  Mr. Marsh submits that
the record contains all the facts necessary to decide this
issue.

        Certain key facts are indisputable.  First, the court did
not advise Mr. Marsh of his right to appeal. Second, counsel did
not file the notice of appeal within 14 days of entry of the
judgment, rather he filed it 8 days too late.  From these facts
alone, one can assume that at some point Marsh asked that a
notice of appeal be filed on his behalf since it is implausible
that counsel would just decide to file a late notice of appeal
absent a request, at some point, from the client to do so.  And
even assuming Marsh made the request after the 14-day period had
expired, counsel still had the opportunity to rectify the late
filing by requesting an extension based on good cause pursuant
to Rule 4(b)(4).  However, the record does not indicate that any

                                22

request was made.  Appellant submits that on these facts, the
Court can decide this issue.

Courts have held that if a defendant told his attorney to
note an appeal, and lawyer fails to do so, the defendant has
been "deprived, not of effective assistance of counsel, but of
any assistance of counsel on appeal.  Abandonment is a *per se*
violation of the sixth amendment." *Castellanos v. United
States*, 26 F.3d 717, 718 (7th Cir. 1994), *citing United States v.
Cronic*, 466 U.S. 648, 658-59 (1984).  The probability of
success on appeal does not matter. *Roe v. Flores-Ortega*, 528
U.S. 470, 477-78 (2000); *Martin v. United States*, 81 F.3d 1083,
1084 (11th Cir. 1996); *Castellanos v. United States*, 26 F.3d at
719; *United States v. Peak*, 992 F.2d 39, 42 (1993).  Thus,
counsel was ineffective when he failed to file a timely notice
of appeal.

"A timely notice of appeal is both mandatory and
jurisdictional." *United States v. Espinosa-Talamantes*, 319 F.3d
1245, 1246 (10th Cir. 2003). Courts have held that the
appropriate remedy when counsel fails to file a timely notice of
appeal is to vacate the sentence and remand the case for re-
entry of the sentence, so that the defendant can seek direct
review. *Hodge v. United States*, 554 F.3d 372, 382 (3d Cir.
2009); *see also Garcia v. United States*, 278 F.3d 134 (2d Cir.
2002) (Proper remedy when a defendant shows that he was denied

23

his right to direct appeal, due to ineffective assistance of counsel in failing to file a requested appeal, is to vacate the sentence and remand for resentencing.); *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) (The appropriate remedy is to remand for re-sentencing, thus affording the petitioner an opportunity to take a timely direct appeal.)

For the reasons stated herein, Mr. Marsh submits that his sentence should be vacated and his case remanded to the district court for re-sentencing, thereby allowing him to seek direct review by this Court.

**CONCLUSION**

For the reasons stated herein, Mr. Marsh's sentence should be vacated. In the alternative, he submits that the sentence should be vacated and his case remanded to the district court for re-sentencing.

**REQUEST FOR ORAL ARGUMENT**

Mr. Marsh requests that this Court hear oral argument.

Respectfully submitted,

/s/ Mary E. Davis

Mary E. Davis
Counsel for Brian Marsh

Davis & Davis
1350 Connecticut Avenue, NW
Suite 202
Washington, DC 20036
(202) 234-7300

24

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with the type-volume limitation of Fed.
      R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

      [      ] this brief contains [      ] words, excluding the
      parts of the brief exempted by Fed. R. App. P.
      32(a)(7)(B)(iii), *or*

      [  X  ] this brief uses a monospaced typeface and contains
      [*706*] lines of text, excluding the parts of the brief
      exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed.
      R. App. P. 32(a)(5) and the type style requirements of Fed.
      R. App. P. 32(a)(6) because:

      [      ] this brief has been prepared in a proportionally
      spaced typeface using [*state name and version of word
      processing program*] in [*state size and name of font*]; or

      [  X  ] this brief has been prepared in a monospaced
      typeface using [*Microsoft Word 2007*] with [*10 inch per
      character Courier New Font*].


Dated: <u>July 9, 2013</u>                    <u>/s/ Mary E. Davis</u>
                                         *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 9th day of July, 2013, I caused this Brief of Appellant and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Elizabeth Trosman
> OFFICE OF THE U.S. ATTORNEY
> 555 4th Street, N.W.
> Washington, D.C.  20530
> (202) 252-6829
>
> *Counsel for Appellee*

I further certify that on this 9th day of July, 2013, I caused the required copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk of the Court and a copy of the Sealed Supplement to be served, via UPS Ground Transportation to counsel for Appellee at the above address.

/s/ Mary E. Davis
*Counsel for Appellant*