**RECORD NO. 12-3086**

**ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED**

In The
# United States Court of Appeals
For The District of Columbia Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**BRIAN D. MARSH,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**REPLY BRIEF OF APPELLANT**

Mary E. Davis
D<small>AVIS</small> & D<small>AVIS</small>
1350 Connecticut Avenue, NW, Suite 202
Washington, DC  20036
(202) 234-7300

*Counsel for Appellant*

**THE LEX GROUP**<small>DC</small> ♦ 1825 K Street, N.W. ♦ Suite 103 ♦ Washington, D.C.  20006
(202) 955-0001 ♦ (800) 856-4419 ♦ Fax: (202) 955-0022 ♦ www.thelexgroup.com

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. ii

STATUTES AND REGULATIONS ....................................................................... 1

SUMMARY OF THE ARGUMENT ....................................................................... 1

ARGUMENT ........................................................................................................... 1

    I.    THE DISTRICT COURT COMMITTED PLAIN ERROR IN IMPOSING SENTENCE ...................................... 1

        A.    The Court Imposed Highest Possible Sentence Based on Its Policy to Always Do So ............................ 1

        B.    The District Court Did Not Give Adequate Reasons for For Imposing Highest Sentence Possible ................................................................. 3

CONCLUSION ........................................................................................................ 8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

Page(s)

CASES

*In re Sealed Case*,
    527 F.3d 188 (D.C. Cir. 2008) .................................................................. 1, 2, 3

*\*United States v. Akhigbe*,
    642 F.3d 1078 (D.C. Cir. 2011) ....................................................................... 8

*United States v. Bostick*,
    791 F.3d 127 (D.C. Cir. 2015) .......................................................................... 4

*\*United States v. Brown*,
    808 F.3d 865 (D.C. Cir. 2015) .......................................................................... 7

GUIDELINE

U.S.S.G. Ch. 7 Pt. A 3(b) ..................................................................................... 5, 7

*\*Chief Authorities are Designated by an Asterisk.*

Brian Marsh respectfully submits this reply brief for the Court's consideration.

## STATUTES AND REGULATIONS

All relevant statutes and regulations are set forth in the opening brief.

## SUMMARY OF THE ARGUMENT

Mr. Marsh argues that the district court imposed the highest sentence possible because it was the court's policy to do so. This case is unlike *In re Sealed Case*, 527 F.3d 188 (D.C. Cir. 2008) because in that case, although the district court had a policy to always revoke supervised release, the district court gave reasons for doing so.

Mr. Marsh also argues that the district court failed to provide sufficient reasons justifying the sentence imposed.

## ARGUMENT

I. THE DISTRICT COURT COMMITTED PLAIN ERROR IN IMPOSING SENTENCE.

    A. *The Court Imposed Highest Possible Sentence Based on Its Policy to Always Do So.*

Prior to imposing sentence, the court stated, "*And I warned you, as I warn every defendant* – Mr. McDaniel knows this because he has

represented many defendants in front of this Court. He knows the speech. He knows the speech. …. And I have told him that if you come back to this Court, you know, during your supervision for committing a crime, you will only have to ask your lawyer one question: What's the most that he can give me? *Because that's what I am going to get.*" [JA 32] (emphasis added). The government attempts to argue that what was said to Marsh and other defendants was merely a statement of the "potential consequence" of committing a crime while on supervised release. Appellee Brief at 40 n.22. But the government is trying to read something into the statement that simply is not there. The court did not say, "You might get the most time." Rather, the court said, "[T]hat is what you are going to get." And, indeed, that is what Marsh got.

The government relies upon *In re Sealed Case*, 527 F.3d 188 (D.C. Cir. 2008) stating, "this Court rejected almost the identical claim …" Appellee Brief at 40 n.22. Its reliance on this case, however, is misplaced. In that case the district judge decided to revoke the appellant's supervised release because that was his standard policy. The Court noted, "Such a policy seems inconsistent with a district judge's responsibility to decide each defendant's sentence based on his

2

individual circumstances, considering the factors the Sentencing Act prescribes as relevant." *Sealed Case*, 527 F.3d at 192. But, the Court went on to hold that there was no prejudicial error because the district judge specifically found the appellant had committed several violations and explained that he thought the appellant was incapable of supervision.

In this case, the district judge said his policy was to sentence a defendant to the highest sentence possible. The only way this policy can prove harmless is if the district court provided sufficient reasons for imposing the highest sentence possible. As discussed below, it did not do so.

### B. <u>The District Court Did Not Give Adequate Reasons for For Imposing Highest Sentence Possible.</u>

The government argues that the district court "provided the required justification for sentencing outside the guideline range. It gave extensive and individualized reasons for the 36-month sentence. The court noted that 'this case has extraordinary circumstances not in [appellant's] favor' ..." Appellee Brief at 36. The reasons stated were:

> (1) Marsh falsely assured the court that he was "committed to turning down the road in the right direction and becoming a law-abiding, responsible member of society"

3

>   (2)   Marsh's conduct was particularly "deceiving and cunning" because he worked as a mentor for Youth Advocacy Programs while on supervision "as a cover" to engage in a large-scale drug trafficking conspiracy"
>
>   (3)   Marsh's recent criminal conduct involved participation in a large-scale drug trafficking operation and the use of a weapon [recovered in his residence that he shared with a co-defendant] and that Marsh was warned by the court that if he committed a crime while on supervision "the court would seek to ascertain the maximum sentence possible"

Appellee Brief at 36-37.

It appears that what disturbed the district judge the most was that Marsh was working as a youth mentor while being involved in criminal activity. But there is nothing to suggest that Marsh was dealing drugs while he was at work. Indeed, Marsh's employers all wrote letters of support "based on his commitment and contribution to the youth of the community and, in essence, trying to advise them not to do [what he was doing]." [JA 26] In the end, Marsh's choice of employment has no real relevance to his criminal conduct. If anything, one could say he was trying to make amends of sort for his involvement in the drug conspiracy. *Cf, United States v. Bostick*, 791 F.3d 127, 139 (D.C. Cir. 2015) ("The Government introduced abundant evidence about Earl Edelin's central role in the drug conspiracy. He not only sold his

4

son's crack to other dealers but also recruited new mid-level distributors. During disputes with rival drug crews, Earl Edelin provided firearms expertise and weapons to his son's associates. He also warned the group about police raids, suspected cooperators, and enemy dealers. *While employed at a community recreation center, Earl Edelin gave out keys to the facility so that the group would have a secure place to store contraband and sell drugs.*") (emphasis added). Moreover, there is no support for the court's statement that his employment "was a cover" to engage in criminal activity. Finally, the district judge failed to explain why this factor justified imposition of the maximum sentence rather than a sentence within the Guidelines.

Another second reason cited by the Court was that Marsh, at the time of the original sentencing, promised to better his ways and not be involved in criminal activity in the future. Appellant feels confidant in saying nearly every single defendant makes this promise at the time of sentencing. But beyond that, while the Sentencing Guidelines certainly allow a judge to sanction the defendant's breach of trust for failing to abide by the conditions of supervised release (U.S.S.G. Ch. 7 Pt. A 3(b)), this is not what the district court did. The court instead focused on the

5

original sentencing and believed that at that time Marsh falsely told the court that he would become a law-abiding citizen. ("And what you told this Court when you were 29, you didn't really mean it." [JA 33]). Not only was there no evidence that at the time of the original sentencing Marsh had already intended to enter a drug conspiracy upon his release from prison,[1] the district court failed to explain why Marsh's failed promise to do better was more egregious than similar promises made by other defendants who ultimately violated their terms of supervised release.

The district court also noted that Marsh became involved "in a conspiracy to sell drugs on a large scale basis, sufficiently large that it carries a ten-year mandatory minimum, to do that and to and to have a weapon after having been sentenced in this court for drug violations eight years earlier? If there ever was a case, since I have been here, where an upward departure was not only warranted but necessary to deal with the seriousness of the offense ... this is the case." [JA 33] But the Guidelines caution that while the court should sanction the breach

---

[1] Indeed, Marsh stated, "We are here today, but I just wanted to let you know I didn't – you know, I had all intentions – I wasn't trying to run any type of game or anything on you when I came, and I had all intentions of doing that, your Honor." [JA 32]

6

of trust resulting from the defendant's failure to abide by the conditions of release, it should "[leave] the punishment for any new criminal conduct to the court responsible for imposing the sentence for that offense." U.S.S.G. Ch. 7 Pt. A 3(b). Therefore, increasing the sentence for the violation due to the seriousness of the new offense was altogether improper.

Finally, the district judge reminded Marsh that he was told that the court would impose the highest legal sentence possible if he committed a crime while on supervised release. But this just circles back to Appellant's first argument that the district court based the sentence solely on its policy to give the maximum sentence possible.

Similar cases have resulted in reversals. *See United States v. Brown*, 808 F.3d 865, 871 (D.C. Cir. 2015) ("During his in-court explanation of the sentence, the trial judge several times asserted that he was imposing an above-Guidelines sentence 'to reflect the seriousness of [Brown's] conduct, to punish [Brown] appropriately, to protect the public and to deter others who may be similarly inclined"

7

but this was inadequate);[2] *United States v. Akhigbe*, 642 F.3d 1078, 1085-86 (D.C. Cir. 2011) (although the district court cited factors such as cost to the healthcare system as a result of fraud, disturbing testimony of a former patient, and the need for deterrence, the district court never explained why those factors justified the sentence imposed).

In this case, while the district court stated there were certain factors that caused him to impose the maximum sentence, he failed to explain how any of those factors justified the specific sentence imposed. In the end, the district court imposed the highest sentence possible because it was the court's policy to do so.

## CONCLUSION

For the reasons cited herein and in Appellant's opening brief, Mr. Marsh submits that his sentence must be vacated.

---

[2] In this case the district judge stated, "If there ever was a case, since I have been here, where an upward departure was not only warranted but necessary to deal with – to give a punishment that's appropriate, to protect the public, this is the case. This is the case." [JA 33]

8

                    Respectfully submitted,

                    <u>/s/ Mary E. Davis</u>
                    Mary E. Davis #385583
                    Appointed Counsel for Brian Marsh

                    Davis & Davis
                    1350 Connecticut Avenue, NW
                    Suite 202
                    Washington, DC 20036
                    (202) 234-7300

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*1,626*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [    ] this brief uses a monospaced typeface and contains [    ] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14 point Century Schoolbook*]; *or*

    [    ] this brief has been prepared in a monospaced typeface using [*Microsoft Word 2007*] with [*10 inch per character Courier New Font*].


Dated: <u>February 22, 2016</u>           <u>/s/ Mary E. Davis          </u>
                                          *Counsel for Appellant*

<u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 22nd day of February, 2016, I caused this Reply Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Bernard J. Apperson, II
Elizabeth Trosman
OFFICE OF THE U.S. ATTORNEY
555 4th Street, N.W.
Washington, D.C.  20530
(202) 252-6829

*Counsel for Appellee*

I further certify that on this 22nd day of February, 2016, I caused the required copies of the Reply Brief of Appellant to be hand filed with the Clerk of the Court.

<u>/s/ Mary E. Davis</u>
*Counsel for Appellant*